## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | Court No.  13–00235 |

## <u>COMPLAINT</u>

Hartford Fire Insurance Company ("plaintiff"), by its attorneys, Barnes, Richardson & Colburn, for its complaint against the United States, alleges as follows:

1.     This action is brought by plaintiff to recover money paid to satisfy the demands of the United States and its administrative agency the Department of Homeland Security, United States Customs and Border Protection ("defendant"), plus interest.

2.     Plaintiff is a surety with its principal place of business at 1 Hartford Plaza, Hartford, CT  06155.

3.     Plaintiff is the surety and real party-in-interest in this action, in that plaintiff, as bond surety, made payments to the defendant relating to bonds plaintiff issued, which bonds and the payments thereon are the subject to this action.

4.     This court has jurisdiction over this action pursuant to 28 U.S.C § 1581(i), which provides this court with exclusive jurisdiction over civil actions commenced against the United States, its agencies or its officers that arise out of any United States law providing for the raising of revenue for imports or tonnage, or for tariffs, duties fees

or other taxes assessed on imported merchandise other than the raising of revenue, and for the administration and enforcement of such actions.

5.     This action was timely commenced by the filing of a summons and complaint within two years after defendant first produced the bonds upon which demands upon plaintiff were made and within two years after plaintiff made payment on the demands made upon it and complained of in this complaint.

6.     Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2631(a).

7.     On or about October 24, 2008, the port of Los Angeles/Long Beach Seaport liquidated entry number 316-0539408-4.

8.     On or about October 24, 2008, the port of Los Angeles/Long Beach Seaport liquidated entry number 316-0539405-0.

9.     Upon information and belief, defendant demanded from the importer of record, AAA Food Service Corporation ("AAA Foods") that it pay all duties, taxes, and fees, including antidumping duties, assessed on the liquidation of entry numbers 316-0539408-4 and 316-0539405-0.

10.    Upon information and belief, AAA Foods failed to pay defendant any amounts for duties, taxes, and fees, including antidumping duties, assessed on the liquidation of entry numbers 316-0539408-4 and 316-0539405-0.

11.    On or about January 16, 2009 plaintiff received a demand via 612 report from defendant for payment on single entry bonds associated with entry numbers 316-0539408-4 and 316-0539405-0.

12.     At no time prior to June 28, 2011 did defendant produce to plaintiff the single entry bonds allegedly associated with entry numbers 316-0539408-4 and 316-0539405-0.

13.     Original, fully executed single entry bonds on Part 1 of Customs Form 301 are to be filed with Customs at or before the date of entry.

14.     After receiving defendant's demand as alleged in paragraph 11 above, plaintiff filed a FOIA request with defendant, to the attention of the FOIA Officer at the port of Los Angeles/Long Beach Seaport, seeking copies of all entry documents associated with entry numbers 316-0539408-4 and 316-0539405-0, including the CF 7501, CF 3461, invoices, packing lists, notices of action (proposed or otherwise) and any single entry or continuous bonds affiliated with the entries.

15.     On or about July 24, 2009 defendant responded to plaintiff's FOIA request.

16.     At no time in response to plaintiff's FOIA request did the defendant produce a copy of a single entry bond associated with either entry number 316-0539408-4 or 316-0539405-0.

17.     On July 1, 2009, plaintiff filed protest 2704-09-101867, protesting the demands made against bonds allegedly issued by Hartford for entry numbers 316-0539408-4 and 316-0539405-0.

17.     Because defendant did not produce copies of the Part 1 of the Customs Form 301 of the fully executed single entry bonds that it was demanding that plaintiff pay on, plaintiff's protest of defendant's demands on entry numbers 316-0539408-4 and 316-0539405-0 did not raise arguments that the bonds, being facially defective, were

unenforceable because the completion and execution of the original bonds on Part 1 of Customs Form 301 were legally insufficient.

18.     On or about June 27, 2011 defendant denied plaintiff's protest, number 2704-09-101867.

19.     On or about June 28, 2011 but not in response to plaintiff's FOIA request, defendant produced to plaintiff copies of single entry bonds on Part 1 of Customs Form 301 for entry numbers 316-0539408-4 and 316-0539405-0.

20.     The single entry bond that defendant provided to plaintiff on or about June 28, 2011 for entry number 316-0539408-4 did not identify AAA Foods' legal designation.

21.     The single entry bond that defendant provided to plaintiff on or about June 28, 2011 for entry number 316-0539405-0 did not identify AAA Foods' legal designation.

22.     On or about December 6, 2011 plaintiff paid defendant $15,090.20 in full satisfaction of defendants demand for payment on the single entry bonds associated with entry numbers 316-0539408-4 and 316-0539405-0.

<u>FIRST CAUSE OF ACTION</u>

23.     Plaintiff repeats and re-asserts allegations 1 through 22 of this complaint.

24.     Section 113.21(a)(1) of Title 19 of the Code of Federal Regulations requires that a surety bond must identify a corporate principal's legal designation.

25.     The single transaction bonds for the entries identified hereafter do not state the corporate principal's legal designation:  316-0539408-4; 316-0539405-0.

26.    Because the single transaction bonds for the entries identified at paragraph 25 do not state the legal designation of the principal, the bonds fail to comply with the requirement of 19 C.F.R. § 113.21 that a corporate principal's legal designation be identified on the bond.

27.    Therefore, defendant's demands against plaintiff for payment on the single transaction bonds for the entries identified at paragraph 25 were unsupported by law, and plaintiff's payments of those demands must be refunded, with interest as allowed by law.

SECOND CAUSE OF ACTION

28.    Plaintiff repeats and re-asserts allegations 1 through 27 of this complaint.

29.    A contract that creates a suretyship relationship must comply with the Statute of Frauds.

30.    For a surety bond to satisfy the Statute of Frauds, there must be a written memorandum that is complete with itself in every material detail, containing all essential elements of the agreement.

31.    Section 113.21(a)(1) of Title 19 of the Code of Federal Regulations requires that a surety bond must identify the corporate principal's legal designation.

32.    The identification of a corporate principal's legal designation on a single transaction bond is a material element of the bond.

33.    The single transaction bonds for the entries identified in paragraph 25 do not identify the legal designation of the corporate principals on those bonds.

34.    Because the single transaction bonds for the entries identified at paragraph 25 do not identify the legal designation of the corporate principals of the bonds, the bonds

fail to comply with the Statute of Frauds and its requirement that a surety bond contain in writing all essential elements of the agreement.

35.    Therefore, defendant's demands against plaintiff for payment on the single transaction bonds for the entries identified at paragraph 25 were unsupported by law, and plaintiff's payments of those demands must be refunded, with interest as allowed by law.

### THIRD CAUSE OF ACTION

36.    Plaintiff repeats and re-asserts allegations 1 through 35 of this complaint.

37.    Plaintiff has paid all outstanding charges, fees and interest demanded of it by defendant for the entries identified at paragraph 25.

38.    Plaintiff, having paid the debts of the principal obligors of the bonds issued allegedly to secure the entries identified at paragraph 25, is subrogated to the defendant's former claims and remedies against the principal obligors/debtors to recover the sum(s) paid.

39.    By accepting bonds that were invalid and unenforceable against the principal obligors because the bonds failed to identify the principals' legal designations as required by 19 C.F.R. § 113.21 and the Statute of Frauds, defendant decreased the potential to recover the cost of performance from the principal obligors and therefore impaired plaintiff's subrogation rights and suretyship status.

40.    Because defendant's action constitutes an impairment of plaintiff's suretyship status, plaintiff is discharged from its obligations and all charges, fees and interest paid by plaintiff to defendant relating to the entries identified at paragraph 25 must be refunded, with interest as allowed by law.

## FOURTH CAUSE OF ACTION

41.     Plaintiff repeats and re-asserts allegations 1 through 40 of this complaint.

42.     The defendant's actions in failing to produce in response to plaintiff's FOIA actions the original, fully executed single entry bonds on Part 1 of Customs Form 301 for the entries at issue in this case as set forth on Appendix A to this complaint prior to the expiration of plaintiff's period to protest the demands defendant was making against plaintiff were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" as set forth in 5 U.S.C. § 706(2), resulting in injury to plaintiff by impairing its status as surety and its ability to raise the argument in its protest that the bonds were unenforceable because the original bonds on Part 1 of Customs Form 301 lacked the legal designation of the primary obligor.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment sustaining the claims made herein, ordering that (1) the bonds at issue in this case are unenforceable as against plaintiff; (2) all claims made against plaintiff for the bonds at issue in this case are cancelled; (3) any monies paid by plaintiff to the defendant relative to the bonds at issue in this case be refunded, with interest as allowed by law; and, (4) any other relief that this court deems just and proper.

Respectfully submitted,

BARNES, RICHARDSON & COLBURN
Attorneys for Plaintiff
475 Park Avenue South
New York, NY 10016
Tel: (212) 725-0200

/s/_____
                 Frederic D. Van Arnam, Jr.

Dated: June 27, 2013
New York, New York

8

**APPENDIX 1**

| Port Code | Entry Number | Date of Entry | Demand Date | |
|---|---|---|---|---|
| | | | | |
| 2704 | 316-0539408-4 | 03/29/06 | 01/16/09 | |
| 2704 | 316-0539405-0 | 03/29/06 | 01/16/09 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Certificate of Service by Mail

Frederic D. Van Arnam, Jr. certifies that I am an attorney at the law firm of Barnes, Richardson & Colburn, LLP located at 475 Park Avenue South, New York, New York 10016, and that on June 27, 2013, on behalf of defendant herein in *v. Hartford Fire Insurance Company v. United States,* Court No. 13-00235, I caused to be placed in the United States mail, first class postage prepaid, a copy of the attached Complaint addressed as follows:

> Barbara S. Williams, Esq.
> Attorney-in-Charge
> U.S. Department of Justice
> Civil Division,
> Commercial Litigation Branch
> International Trade Field Office
> 26 Federal Plaza
> New York, New York 10278

s/_____
  Frederic D. Van Arnam, Jr.